**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jesus A. Romero,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>UPS, et al.,<br><br>　　　　Defendant. | No. CV 04-1787-PCT-JAT<br><br>**ORDER** |

Pending before the Court is Defendants' Motion for Summary Judgment (Doc. # 65) and Plaintiff's Motion to Compel Defendant's Rule 26(a)(1) Disclosures (Doc. # 69).

**I.　　Procedural Background**

On December 22, 2003, Plaintiff filed a charge of age and national origin discrimination against United Parcel Service ("UPS") and Robert Huff, Plaintiff's UPS center manager, with the Equal Employment Opportunity Commission ("EEOC").[1] Plaintiff received the EEOC's dismissal and notice of suit rights regarding the claim on March 12, 2004. On May 10, 2004, Plaintiff filed a charge of retaliatory discrimination against UPS

---

[1] There is a discrepancy as to when the Charge of Discrimination was filed. Plaintiff represents in his Complaint that the Charge of Discrimination was filed on December 29, 2003; however, the copy of the Charge of Discrimination in the record is dated December 22, 2003.

with the EEOC. Plaintiff received the EEOC's dismissal and notice of suit rights regarding the second claim on May 28, 2004.

On June 10, 2004, ninety days after receiving the first dismissal letter from the EEOC, Plaintiff filed suit in federal court. *See Romero v. Huff*, No. CV 04-1203-PHX-JAT (D.Ariz.). On that same date, Plaintiff filed a Motion to Proceed *in Forma Pauperis*. On June 17, 2004, the Court denied the motion and ordered Plaintiff to pay the filing fee within ten days of the entry of the Order. On July 8, 2004, the Court dismissed the case because Plaintiff failed to pay the filing fee.

On August 25, 2004, Plaintiff filed this action pursuant to Title VII, 42 U.S.C. § 2000e-2(a), 3(a), the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626, and 42 U.S.C. § 1981, alleging age and national origin discrimination and retaliation for filing a discrimination charge with the EEOC. Named as Defendants are UPS and numerous individuals employed by UPS.

By Order dated June 9, 2005, the Court dismissed Plaintiff's age and national origin discrimination claims against all named Defendants under Title VII and the ADEA. The Court also dismissed the retaliation claim against the individually named Defendants under Title VII and the ADEA.[2] The Court granted Plaintiff leave to amend his Complaint to assert any applicable claims against any of the named Defendants under 42 U.S.C. § 1981, in addition to the remaining retaliation claim against UPS under Title VII and the ADEA.

On October 18, 2005, in response to Plaintiff's Amended Complaint and Defendants' Motion to Strike, the Court re-affirmed and clarified its previous Order granting to Plaintiff leave to amend his Complaint to assert any of the following causes of action he may have: (1) any cause of action against any defendant, individual or corporate, under 42 U.S.C. §

---

[2] In light of the Court's dismissal of the age and national origin discrimination claims against all Defendants, and the retaliation claim against the individually named Defendants, the only remaining claim under Title VII and the ADEA is the retaliation claim against UPS.

- 2 -

1 1981 for race discrimination; (2) any cause of action against any defendant, individual or corporate, under 42 U.S.C. § 1981 for retaliation; (3) any cause of action against UPS under 42 U.S.C. § 2000e-3(a) (Title VII) for retaliation; and (4) any cause of action against UPS under 29 U.S.C. § 623(d) (ADEA) for retaliation.

In accordance therewith, Plaintiff's Amended Complaint was filed on March 8, 2006. In the Amended Complaint, Plaintiff asserts a claim against UPS for retaliation in violation of Title VII and the ADEA. Plaintiff also asserts claims against UPS and the individually named Defendants for national origin discrimination and retaliation in violation of 42 U.S.C. § 1981.

## II.     Summary Judgment Standard

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c). Thus, summary judgment is mandated, "...against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Initially, the movant bears the burden of pointing out to the Court the basis for the motion and the elements of the causes of action upon which the non-movant will be unable to establish a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-movant to establish the existence of material fact. *Id.* The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts" by "com[ing] forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)). A dispute about a fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The non-movant's bare assertions, standing alone, are insufficient to create

1   a material issue of fact and defeat a motion for summary judgment. *Id.* at 247-48. However, 2   in the summary judgment context, the Court construes all disputed facts in the light most 3   favorable to the non-moving party. *Ellison v. Robertson*, 357 F.3d 1072, 1075 (9th Cir. 4   2004).

### III. Discrimination Claims against UPS and the Individual Defendants

In his Amended Complaint, Plaintiff asserts a national origin discrimination claim against all of the Defendants under 42 U.S.C. § 1981. Specifically, Plaintiff claims he was discriminated against when he was terminated from his employment for verbally and physically assaulting his supervisor, Danny Detherage.[3] Plaintiff also claims he was discriminated against when he was forced to resign after he failed to report an accident while driving a UPS vehicle and thereafter denied that an accident occurred when confronted by his supervisors.[4]

To establish a prima facie case of national origin discrimination under 42 U.S.C. § 1981, Plaintiff must show: (1) he was a member of a protected group; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) similarly situated individuals outside the protected class were treated more favorably. *Chuang v. University of California Davis*, 225 F.3d 1115, 1123 (9th Cir. 2000); *see also Fonseca v. Sysco Food Services of Arizona*, 374 F.3d 840, 850 (9th Cir. 2004) (stating that an employment discrimination claim under 42 U.S.C. § 1981 follows the same legal principles as those applicable in a Title VII case). "The requisite degree of proof necessary to establish

---

[3] Plaintiff appealed the termination to the joint area labor management committee. During this appeal, the termination was reduced to a suspension in light of Plaintiff's five-year employment record and Plaintiff's contention that he did not intentionally shove his supervisor with a package. However, Plaintiff did acknowledge cursing at Mr. Detherage.

[4] Upon concluding that Plaintiff had failed to report the accident and then failed to admit to the accident when confronted with an eyewitness report and photographs, UPS concluded that Plaintiff violated its rigid honesty policy and gave Plaintiff the option of resigning or being terminated. Plaintiff chose to resign.

- 4 -

1 a prima facie case . . . on summary judgment is minimal and does not even need rise to the
2 level of a preponderance of the evidence." *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th
3 Cir. 1994). If Plaintiff establishes a prima facie case, then UPS must rebut the prima facie
4 case by articulating some legitimate, non-discriminatory reason for the challenged action.
5 *Chuang*, 225 F.3d at 1123-24. If UPS does so, then Plaintiff must show that the articulated
6 reason is pretextual "either directly by persuading the court that a discriminatory reason more
7 likely motivated the employer or indirectly by showing that the employer's proffered
8 explanation is unworthy of credence." *Id.* quoting *Texas Dept. of Community Affairs v.*
9 *Burdine*, 450 U.S. 248, 256 (1981).

10 In this matter, the Court finds Plaintiff has failed to establish a prima facie case of
11 national origin discrimination under 42 U.S.C. § 1981. It is Plaintiff's initial burden to show
12 similarly situated individuals outside the protected class were treated more favorably. To be
13 deemed similarly situated, the individuals must be similarly situated in all relevant respects.
14 *Mitchell v. Toledo Hospital*, 964 F.2d 577, 583 (6th Cir. 1992); *Lanear v. Safeway Grocery*,
15 843 F.2d 298, 301 (8th Cir. 1988). This requires Plaintiff to show that "the individuals with
16 whom the plaintiff seeks to compare his/her treatment must have dealt with the same
17 supervisor, have been subject to the same standards and have engaged in the same conduct
18 without such differentiating or mitigating circumstances that would distinguish their conduct
19 or the employer's treatment of them for it." *Mitchell*, 964 F.2d at 583.

20 With regard to Plaintiff's claim that he was discriminated against when he was
21 terminated for verbally and physically assaulting his supervisor, Danny Detherage, Plaintiff
22 has offered no evidence to support a finding that "similarly situated" non-Hispanic employees
23 were treated more favorably. The only evidence that Plaintiff has submitted is a chart that
24 he apparently prepared showing alleged prior occurrences of workplace violence which did
25 not result in terminations or suspensions. *See* Exhibit G to Plaintiff's Opposition to
26 Defendants' Motion for Summary Judgment. However, the chart shows that only one of the
27 prior alleged incidents involved the same supervisor, Danny Detherage. That prior alleged
28

- 5 -

1  incident involved only a verbal assault, not a physical assault.  In fact, the only other alleged
2  physical assaults appear to have involved non-supervisors.  In sum, Plaintiff has presented
3  no facts to show that the other individuals were subject to the same standards or engaged in
4  the same conduct without such differentiating or mitigating circumstances that would
5  distinguish their conduct or the employer's treatment of it.  Accordingly, Plaintiff has failed
6  to offer any evidence to show that similarly situated individuals outside the protected class
7  were treated more favorably after verbally and physically assaulting a supervisor.

8        Similarly, with regard to Plaintiff's claim that he was discriminated against when he
9  was forced to resign after he failed to report an accident while driving a UPS vehicle and
10 thereafter denied that an accident occurred when confronted by his supervisors, Plaintiff has
11 offered no evidence to support a finding that "similarly situated" non-Hispanic employees
12 were treated more favorably.  While Plaintiff represents that another employee was not
13 forced to resign after failing to report an accident, Defendants counter that Plaintiff was not
14 forced to resign because he failed to report an accident.  Instead, Plaintiff was forced to
15 resign because he violated UPS's honesty policy when he failed to admit to the accident after
16 being confronted with an eyewitness report and photographs.  In this respect, the Court
17 agrees with Defendants that Plaintiff has failed to offer any evidence that similarly situated
18 individuals outside the protected class were treated more favorably after violating UPS's
19 honesty policy.[5]

20       For the foregoing reasons, the Court finds that Plaintiff has failed to present a prima
21 facie case of national origin discrimination against all of the Defendants under 42 U.S.C. §
22 1981.

---

26 [5]In fact, Defendants represent that since Plaintiff's forced resignation for violation of
27 UPS's honesty policy in 2004, thirty-one other employees from the same location have been
discharged for dishonesty.

**IV.     Retaliation Claims Against UPS and the Individual Defendants**

In his Amended Complaint, Plaintiff asserts a retaliation claim against UPS under Title VII, the ADEA, and 42 U.S.C. § 1981, and against the individually named Defendants under 42 U.S.C. § 1981. In support of his claim, Plaintiff alleges he was retaliated against when he was given more difficult work assignments upon returning to work after a knee injury and after he filed his Charge of Discrimination with the EEOC. Plaintiff also alleges he was retaliated against when he was forced to resign for not reporting an accident while driving a UPS vehicle and thereafter denying that an accident occurred when confronted by his supervisors.

To establish a prima facie case of retaliation under Title VII, the ADEA, or 42 U.S.C. § 1981, Plaintiff must establish (1) that he engaged in a protected activity; (2) that he suffered an adverse employment decision; and (3) that a causal link exists between the protected activity and the employment decision. *Lyons v. England*, 307 F.3d 1092, 1118 (9th Cir. 2002); *see also O'Day v. McDonnell Douglas Helicopter Co.*, 79 F.3d 756, 763 (9th Cir. 1996); *Tarin v. County of Los Angeles*, 123 F.3d 1259, 1264 (9th Cir. 1997), *superseded in part on other grounds*, *Leisek v. Brightwood Corp.*, 278 F.3d 895 (9th Cir. 2002). If Plaintiff establishes a prima facie case, then the burden shifts to Defendants to establish a non-retaliatory reason for the adverse employment decision. *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000). If UPS offers a legitimate, non-retaliatory reason, then the burden returns to Plaintiff to show that the reason is a pretext for retaliation. *Id.*

In this matter, the Court finds that Plaintiff has failed to establish a prima facie case of retaliation. It is Plaintiff's initial burden to present "evidence sufficient to raise the inference that [his] protected activity was the likely reason for the adverse action." *Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir. 1982). "[U]nless the [adverse employment decision] is *very closely* connected in time to the protected activity, the plaintiff must rely on additional evidence beyond temporal proximity to establish causation." *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1179 (10th Cir. 1999). In this matter, Plaintiff alleges the

- 7 -

following acts of retaliation that occurred approximately two months after the filing of his December 22, 2003, Charge of Discrimination with the EEOC: (1) he was given more difficult trucks to load on or about February 11, 2004; (2) he was given a larger delivery route on February 16, 17, and 18, 2004, that was later divided up among other drivers;[6] and (3) he was forced to resign on or about February 23, 2004, for not reporting an accident while driving a UPS vehicle and thereafter denying that an accident occurred when confronted by his supervisors. The Court finds these alleged adverse employment decisions are too far removed from the December 22, 2003, Charge of Discrimination, to establish a causal link by temporal proximity alone. In addition, the Court has reviewed the record and finds that Plaintiff has failed to present any other evidence that would otherwise support a finding of a causal link between Plaintiff's discrimination charge and the alleged adverse employment decisions. Accordingly, the Court finds that Plaintiff has failed to establish a prima facie cause of retaliation against the Defendants under Title VII, the ADEA, and 42 U.S.C. § 1981.

**V.     Plaintiff's Motion to Compel Defendant's Rule 26(a)(1) Disclosures**

At the January 3, 2006, Rule 16 Scheduling Conference, the Court set a discovery deadline of July 7, 2006 (Doc. # 42). By Order dated May 18, 2006 (Doc. # 62), the Court confirmed the July 7, 2006, discovery deadline, stating:

> Both parties are admonished that they need to move with alacrity to bring this case to conclusion. Notably, the record does not reflect that either party has engaged in ANY discovery beyond the service of initial disclosures. If that is all the discovery the parties wish to take, that is their choice. However, the deadlines WILL NOT BE EXTENDED. The Court further notes that with respect to virtually every order of the Court and every motion of the defendant, Plaintiff seeks extension of time to respond, sometimes well after the deadline to act. Plaintiff is required to prosecute his case; and the failure to do so can result in dismissal. Plaintiff is admonished that he must complete discovery within the deadline set forth above.

---

[6] Plaintiff's supporting documentation provides that the larger delivery areas were given to Plaintiff in February 2003. The Court will assume that the Plaintiff has merely committed a typographical error and that the correct date is February 2004.

- 8 -

1  Despite the clear language of the May 18, 2006, Order, Plaintiff sought another 2 extension of the discovery deadline, after the deadline had expired, which extension was 3 denied by Order dated July 13, 2006 (Doc. # 68). Now pending before the Court is Plaintiff's 4 August 1, 2006, Motion to Compel Defendant's Rule 26(a)(1) Disclosures. This motion was 5 filed three weeks after the discovery deadline. Because the motion was filed after the 6 discovery deadline, and because the Court warned the parties that no extensions of the 7 discovery deadline would be permitted, Plaintiff's motion is not well-founded and will be 8 denied.

9  Accordingly, for the foregoing reasons,

10  **IT IS ORDERED** that Defendants' Motion for Summary Judgment (Doc. # 65) is 11 GRANTED;

12  **IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Defendant's Rule 13 26(a)(1) Disclosures (Doc. # 69) is DENIED;

14  **IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment 15 accordingly.

16  DATED this 12th day of March, 2007.

James A. Teilborg
United States District Judge

- 9 -