1   **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9   Jesus A. Romero,                    )   No. CV 04 1787 -PHX-JAT
                                        )
10             Plaintiff,               )   **ORDER**
                                        )
11   vs.                                )
                                        )
12                                      )
     UPS, et al.,                       )
13                                      )
               Defendants.             )
14                                      )
                                        )
15   _____)

16          Pending before the Court is Defendants' Motion for Attorneys' Fees (Doc. #76).

17   Defendants' motion is premised on its successful Motion for Summary Judgment against

18   Plaintiff's claims for retaliation in violation of Title VII of the Civil Rights Act of 1964, 42

19   U.S.C. § 2000e-2(a), 3(a), the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.

20   § 626, and for natural origin discrimination and retaliation in violation of 42 U.S.C. § 1981.

21          Under Title VII, the Court, in its discretion, "may allow the prevailing party. . .a

22   reasonable amount of attorney's fees (including expert fees) as part of the costs."  42 U.S.C.

23   2000e-5(k).  In *Christianburg Garment Co. v. EEOC*, 434 U.S. 412 (1978), the Supreme

24   Court promulgated the standards to guide the Court when determining whether to award a

25   prevailing defendant attorney's fees:

26               [A] district court may in its discretion award attorney's fees to
                 a prevailing defendant in a Title VII case upon a finding that the
27               plaintiff's action was frivolous, unreasonable, or without
                 foundation, even though not brought in subjective bad faith.
28

1
2
3
4

> In applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.   This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success.

5 *Christianburg Garment Co.*, 434 U.S. at 421-22.

6    The Court may consider a plaintiff's pro se status when determining whether an award

7 of attorney's fees is proper. *Miller v. Los Angeles Count Bd. of Educ.*, 827 F.2d 617, 620 (9th

8 Cir. 1987)(holding that "pro se plaintiffs cannot simply be assumed to have the same ability

9 as a plaintiff represented by counsel to recognize the objective merit (or lack of merit) of a

10 claim").  Attorney's fees may be appropriate where a pro se plaintiff continues to bring claims

11 that were previously found to be frivolous, but absent such extreme conduct, courts are less

12 likely to award attorney's fees against a pro se plaintiff who may not be able to recognize

13 what constitutes a frivolous complaint. *Id.*

14    Defendants argue that Plaintiff's action was frivolous, unreasonable, or without

15 foundation because Plaintiff failed to state a prima facie case of discrimination, presented no

16 evidence of retaliation, and refused Defendants' settlement offer of $5,000 to dismiss the case

17 with prejudice to avoid the expense of additional litigation.  Defendants also note that the

18 Court granted summary judgment in favor of Defendants.

19    Despite Defendants' arguments, the Court is unwilling to find that Plaintiff's action

20 was frivolous, unreasonable, or without foundation. Plaintiff was an employee of Defendants

21 who felt that he was discriminated against for his racial background and was assigned more

22 difficult tasks upon filing his Charge of Discrimination with the Equal Employment

23 Opportunity Commission.  Plaintiff was not overly vexatious to the Defendants and did not

24 repeatedly bring a claim that was previously found to be frivolous; rather, this was Plaintiff's

25 first suit against Defendants.   Though summary judgment was granted in favor of

26 Defendants, Plaintiff's claim was not frivolous from the outset, since it survived a Motion to

27 Dismiss (Doc. #62).

28

- 2 -

1    Further, courts may consider a plaintiff's financial resources when determining
2  whether to award fees to a prevailing defendant under Title VII, and an award "should not
3  subject the plaintiff to financial ruin." *Miller*, 827 F.2d at 621.  In *Miller*, the court vacated
4  a "sizeable" attorney's fee award amounting to $48,375 based on this consideration.  *Id.*
5  While courts evaluate the plaintiff's ability to pay when determining awards, a court should
6  not deny attorney's fees under Title VII based solely on the plaintiff's finances.  *Id.* at 621
7  n.5.    In this case, Defendants seek to require Plaintiff to pay over $65,000 in attorneys' fees.
8  Plaintiff's gross earnings barely exceeded $22,000 in 2006.  Also, there has been no showing
9  that Plaintiff's action was frivolous, unreasonable, or without foundation from the outset.
10  Courts award attorney's fees to prevailing defendants under Title VII only in exceptional
11  cases, and this is not an exceptional situation that warrants an award of attorney's fees.

12    Accordingly,

13    **IT IS ORDERED** that Defendants' Motion for Attorneys' Fees (Doc. #76) is
14  DENIED.

15    DATED this 26th day of July, 2007.

_____
James A. Teilborg
United States District Judge